COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Frank and Haley
Argued at Chesapeake, Virginia


IMMANUEL CYPRUS PERRY

v.      Record No. 2060-05-1

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE ROBERT P. FRANK
NOVEMBER 14, 2006


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge[1]

Trevor Jared Robinson (Robinson, Neeley & Anderson, on brief), for
appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Immanuel Cyprus Perry, appellant, was convicted in a bench trial of common nuisance, in violation of Code § 18.2-258, possession of ecstasy, in violation of Code § 18.2-250, possession of marijuana with the intent to distribute, in violation of Code § 18.2-248.1, and possession of a firearm while in possession of ecstasy, in violation of Code § 18.2-308.4. On appeal, appellant contends the trial court erred in denying his motion to suppress the evidence recovered pursuant to a search warrant, arguing the police officers serving the warrant failed to knock and announce their presence before entering his residence. For the reasons stated, we affirm.

---

[1] Judge Charles D. Griffith denied appellant's motion to suppress.

<u>BACKGROUND</u>

The facts of this case are not in dispute. On January 4, 2003, Investigator David Barber of the Norfolk Police Department obtained a search warrant for appellant's residence.[2]

Barber testified that, based on the information he had regarding appellant's prior gun possessions and the presence of a camera mounted above appellant's door, he made the decision to make a "no-knock entry" into appellant's home. When executing the search warrant on January 4, 2003, officers rammed the front door of appellant's residence and entered without knocking and announcing their presence. Officers recovered ecstasy, marijuana, drug packaging material, $4,900 in U.S. currency, and a firearm from appellant's residence.

Appellant filed a motion to suppress the evidence found in his home based on the officers' violation of the "knock-and-announce" rule. He argued below, as he does on appeal, that the information relied upon by Investigator Barber in deciding to effect a "no-knock entry" was either "too generalized" or too "stale" to justify such an entry. The trial court denied appellant's motion.

This appeal follows.

<u>ANALYSIS</u>

On appeal, appellant contends that the facts contained in the affidavit were not sufficient to justify a "no-knock entry" into appellant's home.

We do not address whether officers violated the knock-and-announce rule, as the United States Supreme Court's recent decision in <u>Hudson v. Michigan</u>, 126 S. Ct. 2159 (2006), directs that the remedy for such a violation is not the suppression of the evidence recovered from

---

[2] Appellant does not challenge the validity of the search warrant or the sufficiency of the affidavit to supply probable cause for the search warrant. On appeal, he challenges only the method of executing the search warrant.

appellant's residence.[3]  "[T]he knock-and-announce rule has never protected . . . one's interest in preventing the government from seeing or taking evidence described in a warrant."  Hudson, 126 S. Ct. at 2165.

Instead, the rule was developed (1) to protect against violence raised in self-defense by a resident surprised by an unannounced entry, id., (2) to give individuals "'the opportunity to comply with the law and to avoid the destruction of property occasioned by a forcible entry,'" id. (quoting Richards v. Wisconsin, 520 U.S. 385, 393 n.5 (1997)), and (3) to give "residents the 'opportunity to prepare themselves for' the entry of the police," id. (quoting Richards, 520 U.S. at 393 n.5).  Since these interests "have nothing to do with the seizure of the evidence, the exclusionary rule is inapplicable."  Hudson, 126 S. Ct. at 2165.  As such, the trial court did not err in denying appellant's motion to suppress.

Affirmed.

---

[3] This appeal was granted before the Supreme Court issued its decision in Hudson.